IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Antonio Davila, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.   11 C 9197 |
| Stellar Recovery, Inc., a Florida corporation, | ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Antonio Davila, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violation of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

**PARTIES**

3. Plaintiff, Antonio Davila ("Davila"), is a citizen of the State of California, from whom Defendant attempted to collect a delinquent consumer debt owed for a Beneficial Finance account, which was then allegedly owed to a bad debt buyer, Defendant Stellar Recovery, Inc., despite the fact that he was represented by the legal aid attorneys at the Chicago Legal Clinics' Legal Advocates for Consumers in Debt

program ("LACD"), located in Chicago, Illinois.

4. Defendant, Stellar Recovery, Inc. ("Stellar"), is a Florida corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. Defendant Stellar operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Stellar was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant Stellar is a debt scavenger that buys up large portfolios of delinquent consumer debts for pennies on the dollar, which it then seeks to collect.

6. Defendant Stellar is authorized to conduct business in the State of Illinois and maintains a registered agent within the State of Illinois, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, Stellar conducts business in Illinois.

7. Defendant Stellar is licensed as a debt collection agency in the State of Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, Stellar acts as a collection agency in Illinois.

## FACTUAL ALLEGATIONS

8. Mr. Davila has limited assets and income, and fell behind on paying his bills, including a debt he owed to Beneficial Finance. Defendant Stellar bought this debt after it became delinquent, and when Stellar began trying to collect this debt from Mr. Davila, he sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LACD program, regarding his financial difficulties and Defendant Stellar's collection

actions.

9. Accordingly, on November 18, 2011, one of Mr. Davila's attorneys at LACD informed Defendant Stellar, in writing, that he was represented by counsel, and directed Defendant Stellar to cease contacting Mr. Davila, and to direct all further collection activities to his attorneys at LACD, because Mr. Stellar was forced, by his financial circumstances, to try and negotiate a payment plan as to his unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit C.

10. Nonetheless, despite being advised that Mr. Davila was represented by counsel, on November 28, 2011, Defendant directly called Mr. Davila to demand payment of the Beneficial Finance account.

11. Defendant's collection actions complained of herein occurred within one year of the date of this Complaint.

12. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA -- Failure To Cease Communications

13. Plaintiff adopts and realleges ¶¶ 1-12.

14. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer and continuing to demand payment after a direction to cease communications. See, 15 U.S.C. § 1692c(c).

15. Here, the letter from Plaintiff's agent/attorney, LACD, told Defendant Stellar to cease communications with Mr. Davila. By continuing to communicate

regarding his debt with Mr. Davila, and demanding payment from him, Defendant Stellar violated § 1692c(c) of the FDCPA.

16. Defendant Stellar's violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA -- Communicating With A Consumer Represented By Counsel

17. Plaintiff adopts and realleges ¶¶ 1-12.

18. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

19. Defendant Stellar knew that Mr. Davila was represented by counsel in connection with his debts because his attorneys at LACD had informed Defendant Stellar, in writing, that he was represented by counsel, and had directed Defendant Stellar to cease directly communicating with him. By directly calling Mr. Davila, despite being advised that he was represented by counsel, Defendant Stellar violated § 1692c(a)(2) of the FDCPA.

20. Defendant Stellar's violation of § 1692c(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Antonio Davila, prays that this Court:

4

1. Find that Defendant Stellar's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Davila, and against Defendant Stellar, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Antonio Davila, demands trial by jury.

          Antonio Davila,

          By: /s/ David J. Philipps
          One of Plaintiff's Attorneys

Dated: December 27, 2011

David J. Philipps   (Ill. Bar No. 06196285)
Mary E. Philipps   (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com